UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 5:25-cv-02898-MRA-BFM | Date | November 26, 2025 |
| Title | *Manuel Soto Munoz v. Fereti Semaia et al.* | | |

| | |
|---|---|
| Present: The Honorable | MONICA RAMIREZ ALMADANI, UNITED STATES DISTRICT JUDGE |
| Melissa H. Kunig | None Present |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| None Present | None Present |

**Proceedings:** **(IN CHAMBERS) ORDER DENYING REQUEST FOR PRELIMINARY INJUNCTION AS MOOT**

On October 30, 2025, Petitioner Manuel Soto Munoz ("Petitioner" or "Soto Munoz") filed a Petition for Writ of Habeas Corpus against Respondents Fereti Semaia, Warden of Desert View Annex Detention Center; Ernesto Santacruz, Jr., Acting Director of the Los Angeles ICE Field Office; Todd M. Lyons, Acting Director of Immigration and Customs Enforcement ("ICE"); Pamela Jo Bondi, United States Attorney General; and Kristi Noem, Secretary of the United States Department of Homeland Security ("DHS") (collectively, "Respondents" or the "government"). ECF 1. Petitioner filed an Ex Parte Application for Temporary Restraining Order the same day. ECF 3. Petitioner sought emergency relief "requiring that a neutral adjudicator hold a bond hearing at which the government bears the burden by clear and convincing evidence that he is either a danger or such a flight risk that no bond conditions could mitigate to prevent further irreparable injury." *Id.* at 4.

On November 4, 2025, the Court granted the TRO and enjoined Respondents from continuing to detain Petitioner unless they provided him with an individualized bond hearing before an immigration judge under 8 U.S.C. § 1226(a) within seven (7) days of the date of the Order. ECF 10 at 12–13. The Court also ordered Respondents to show cause in writing why the Court should not issue a preliminary injunction. *Id.* at 13. The Court set a hearing on the preliminary injunction for November 20, 2025, which it later continued to December 1, 2025. ECF 13.

Respondents filed their response to the Court's Order to Show Cause on November 11, 2025. ECF 11. Respondents contend that Petitioner's request for a preliminary injunction was mooted by the issuance of the TRO and the subsequent provision of a bond hearing for Petitioner. *Id.* at 3. According to Respondents, and an attached Order of the Immigration Judge, Petitioner was released on bond after a hearing on November 10, 2025. *Id.* at 5.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 5:25-cv-02898-MRA-BFM | Date | November 26, 2025 |
| Title | *Manuel Soto Munoz v. Fereti Semaia et al.* | | |

"A case becomes moot when interim relief or events have deprived the court of the ability to redress the party's injuries." *United States v. Alder Creek Water Co.*, 823 F.2d 343, 345 (9th Cir. 1987); *see also NASD Disp. Resol., Inc. v. Jud. Council*, 488 F.3d 1065, 1068 (9th Cir. 2007) (finding the appeal to be moot when plaintiffs were already granted the relief that they sought). Here, Petitioner seeks injunctive relief to be provided a bond hearing before an immigration judge, and Petitioner has been granted this relief. Accordingly, the Court **DENIES AS MOOT** Petitioner's request for preliminary injunction.

**IT IS SO ORDERED.**

- : -

Initials of Deputy Clerk mku